UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMANDA MEO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>-against-<br><br>LANE BRYANT, INC.,<br><br>Defendant. | Case No.<br><br>CLASS AND COLLECTIVE ACTION COMPLAINT |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff, Amanda Meo ("Meo" or "Plaintiff"), along with any other similarly situated employees who may join this action (collectively "Plaintiffs"), by their attorneys, Shavitz Law Group, P.A. and Shulman Kessler LLP, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

## INTRODUCTION

1.      Plaintiff brings this lawsuit as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"), on behalf of herself and all other persons similarly situated who suffered damages as a result of Defendant's violations of the FLSA. Plaintiff also brings this lawsuit as a class action pursuant to New York Labor Law ("NYLL" or "N.Y. Lab. Law"), and other appropriate rules, regulations, statutes, and ordinances, on behalf of all similarly situated persons employed in New York who suffered damages as a result of Defendant's violations of the NYLL.

2.      As more fully described below, during the relevant time periods, Defendant willfully violated the FLSA and applicable state laws by failing to pay its non-exempt hourly Store Managers, including Plaintiff and all other similarly situated employees, for all of their

overtime hours worked based upon its unlawful policies and practices.

3.      While Defendant required Store Managers to work overtime hours, as more fully described herein, it required them to clock out and work off the clock, as well as working without clocking in on their scheduled days off.

4.      Accordingly, Defendant failed to credit – and therefore compensate – Plaintiff and Store Managers for all of their hours worked in violation of the FLSA

5.      Moreover, as a result of this policy, Defendant failed to pay its New York Store Managers, such as Plaintiff, for their non-overtime hours and accurately report their hours worked on their paystubs, in violation of the NYLL.

6.      Plaintiff has retained the law office of Shavitz Law Group, P.A. and Shulman Kessler LLP to represent her in this matter.

## THE PARTIES

### *Plaintiff*

7.      Plaintiff Meo is a Suffolk County resident.

8.      Plaintiff Meo worked for Defendant as a non-exempt, hourly-paid Store Manager from approximately 2015 to October 2016 at two of Defendant's Lane Bryant stores in Bayshore, New York.

9.      At all times relevant, Plaintiff Meo was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

10.     Meo's last regular rate of pay was approximately $23.52 per hour.

11.     Plaintiff Meo's written consent to join this action is attached as Exhibit A.

*Defendant*

12.     Since 2012, Defendant, Lane Bryant, Inc. ("Lane Bryant"), has been a wholly owned subsidiary of Ascena Retail Group, Inc., ("ASCENA") which is a Delaware corporation with its principal place of business in Mahwah, New Jersey.  According to Ascena's 2017 Form 10-k "Lane Bryant includes 764 specialty retail and outlet stores and ecommerce operations. Lane Bryant is a widely recognized brand name in plus-size fashion with stores concentrated in suburban and small towns, offering fashionable and sophisticated apparel at a moderate price point to female customers in plus-sizes 14-28 through its namesake."

13.     Ascena's Form 10-K also states that Lane Bryant has retail stores in 47 states.

14.     At all times relevant, Lane Bryant was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 1332, and 1367,  and by 29 U.S.C. § 201, *et. seq*.

16.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

17.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2)  because a substantial part of the events or omissions giving rise to the claims occurred in this district, and the Defendant is subject to personal jurisdiction in this district.  At all times material hereto, Plaintiff Meo performed non-exempt duties for the Defendant retail stores located in Suffolk County in the Eastern District of New York, within the jurisdiction and venue of this Court.

18.     At all times pertinent to this Complaint, the Defendant was an enterprise engaged in interstate commerce or in  the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and  203(s).  Defendant's gross receipts for the three years preceding the filing of this lawsuit exceeded $500,000.00.

19.     Defendant is within the personal jurisdiction and venue of this Court. Defendant directly or indirectly acted in the interest of an employer towards Plaintiff and  other similarly situated employees at all material times, including without limitation directly or  indirectly controlling the terms of employment of Plaintiff and other similarly situated  employees.

20.     Throughout the relevant period, Defendant employed Plaintiff and similarly situated employees within the meaning of the FLSA. Defendant has substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

21.     Defendant is a covered employer within the meaning of the FLSA and, at all times relevant, employed and/or jointly employed Plaintiff and similarly situated employees.

## FACTS COMMON TO ALL CLAIMS

### *The FLSA Collective & The Class*

22.     The proposed FLSA Collective is defined as follows:

> All non-exempt hourly Store Managers employed by Lane Bryant at any retail store location throughout the United States, however variously titled, on or after November 8, 2015, who have not been paid for all overtime hours worked.

23.     The proposed Class is defined as follows:

> All non-exempt hourly Store Managers employed by Lane Bryant at any retail store location throughout New York, however variously titled, on or after the date Defendant reclassified Store Managers to non-exempt hourly status in about 2015, who have not been paid for all overtime hours worked.

- 4 -

*Plaintiffs' Off-the-Clock Work*

24.     Throughout their employment as a Store Manager with Lane Bryant, Plaintiff and the similarly situated employees were scheduled to work up to 40 hours per week.  When Plaintiff and the other Store Managers' hours were about to exceed 40 hours per week, pursuant to its policies and procedures, Lane Bryant required Plaintiff and the other hourly paid Store Managers to clock out and continue to work.  This off-the-clock work included, but was not limited to, performing customer service, stocking, and cleaning the store.

25.     In addition, pursuant to its policies and procedures, Lane Bryant required Plaintiff and the similarly situated employees to participate in conference calls and work on schedules off the clock while at home as well as receive calls outside of store hours from associates.

26.     Pursuant to Lane Bryant's policies and procedures, Plaintiff and the similarly situated Store Managers were required to clock out for their meal break, but were not completely relieved of duty during their uncompensated meal break, thereby resulting in additional off-the-clock work.

27.     Pursuant to these policies and procedures, Lane Bryant failed to record all of the hours worked by Plaintiff and the other Store Managers, thereby resulting in the failure to pay overtime in violation of the FLSA and NYLL.

28.     These policies and procedures also resulted in the failure to pay non-overtime wages in violation of the NYLL.

29.     During workweeks that she worked at least five shifts, Meo worked off-the-clock overtime hours including, for example, each workweek in the months of September 2016 and

October 2016.  Plaintiff estimates that she worked at least five overtime hours without pay each workweek during these months.

30.     During workweeks that she worked less than five shifts, Meo worked off-the-clock non-overtime hours, including workweeks where Meo took a day off.  Plaintiff estimates that she worked at least three to five non-overtime hours without during such workweeks.

31.     While she worked off the clock, Meo performed her usual duties of an hourly paid Store Manager, such as customer service, cleaning the store, and stocking the store, along with other duties.  In addition, Meo worked off the clock at home, participating in conference calls, communicating with co-workers about work in the store, and making schedules.

32.     Meo estimates that for each workweek that she worked at least five shifts, her average amount of uncompensated wages owed (not including liquidated damages) to her based upon off-the-clock overtime hours worked to be, at least, approximately $176.40 (five hours of unpaid overtime per week at an overtime rate of $35.28/hour).

33.     Likewise, in workweeks where she worked less than five shifts, her average amount of uncompensated wages owed (not including liquidated damages) to her based upon off-the-clock non-overtime hours worked are, at least, approximately $70.56 (three hours of unpaid overtime per week at an hourly rate of $23.52/hour).

### *Plaintiff's Inaccurate Wage Statements*

34.     Defendant did not provide Meo with an accurate wage statement.

35.     The paystubs issued to Meo regularly lacked the actual number of overtime hours worked.

36.     The paystubs issued to Meo regularly lacked the actual number of non-overtime hours worked.

**Defendant's Off-the-Clock Violations**

37.     Plaintiff, the proposed FLSA Collective members, and proposed Class members worked as non-exempt classified Store Managers at Lane Bryant retails stores.

38.     Defendant is aware that Plaintiff, the proposed FLSA Collective, and proposed Class worked off the clock overtime hours. But, Defendant failed and continues to fail to pay them all of their overtime compensation by failing to credit them for all of the hours they work over 40 in a workweek and suffering or permitting Plaintiff, the proposed FLSA Collective, and the proposed Class to work off-the-clock hours, during which they performed their Store Manager duties.

39.     Defendant maintains time records for all their non-exempt hourly Store Managers throughout the United States.

40.     However, those time records fail to accurately reflect all of Plaintiff's hours worked, based upon Defendant's policies and procedures for requiring Plaintiff and the similarly situated Store Managers to work off the clock and not crediting time worked both inside and outside of the store.

41.     While Defendant occasionally may have paid Plaintiff, the proposed FLSA Collective, and proposed Class for *some* overtime hours worked, Defendant failed to pay Plaintiff, the proposed FLSA Collective, and the proposed Class for *all* of their overtime hours worked because it did not pay them for these unrecorded hours in violation of the FLSA and NYLL.

42.     Based upon Defendant's policies and procedures, Defendant failed to keep accurate records of hours worked by Plaintiff.

43.     Defendant's failure to pay Plaintiff, the proposed FLSA Collective, and the proposed Class for all hours worked was due to a corporate policy to limit labor expenditures and preserve corporate profits.

## FLSA COLLECTIVE ACTION ALLEGATIONS

44.     Plaintiff bring the First Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of herself and the proposed FLSA Collective.

45.     All of the work that Plaintiff and the proposed FLSA Collective have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and the proposed FLSA Collective have performed.

46.     As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the proposed FLSA Collective.  This policy and pattern or practice includes, but is not limited to:

        a.      willfully failing to pay Plaintiff and the members of the FLSA Collective overtime wages for all of the hours that they worked for Defendant in excess of 40 hours per workweek; and

        b.      willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for Defendant.

47.     Defendant is aware or should have been aware that federal law required it to pay Plaintiff and members of the FLSA Collective an overtime premium for all hours worked in excess of 40 per workweek.

48.     Plaintiff and the FLSA Collective all perform or performed the similar duties of Store Manager at Lane Bryant retail stores throughout the country.

49.     Plaintiff and the FLSA Collective all were compensated on an hourly basis.

50.     Plaintiff and the FLSA Collective all were subject to the same employment policies, procedures, and practices as centrally disseminated by Defendant.

51.     Defendant's unlawful conduct has been widespread, repeated, and consistent.

## CLASS ACTION ALLEGATIONS

52.     Plaintiff brings the Second, Third, and Fourth Causes of Action, pursuant to NYLL and Federal Rule of Civil Procedure 23 on behalf of herself and the proposed Class.

53.     All of the work that Plaintiff and the proposed Class have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and the proposed Class performed.

54.     The persons in the Class are so numerous that joinder of all members is impracticable.  Although, the precise number of such persons is unknown, and facts on which the calculation of that number can be based are presently within the sole control of Defendant.

55.     Upon information and belief, the size of the Class is at least 50 individuals.

56.     Common questions of law and fact exist as to the Class that predominate over any questions only affecting them individually, including without limitation:

>    a.     whether Defendant failed to pay proper compensation for all work-hours and violated N.Y. Lab. Law, Articles 6 and 19, and the supporting New York State Department of Labor regulations;

>    b.     whether Defendant failed to keep accurate time records for all hours worked by Plaintiff and the Class;

      c.      whether Defendant failed to furnish Plaintiff and the Class with an accurate statement of, inter alia, wages, hours worked, and rates paid as required by N.Y. Lab. Law § 195;

      d.      the nature and extent of the Class-wide injury and the appropriate measure of damages sustained by Plaintiff and the Class; and

      e.      whether Defendant acted willfully or with reckless disregarding in its failure to pay Plaintiff and the Class.

57.    Plaintiff, as the "Class Representative," fairly and adequately protects the interests of the Class and has no interests antagonistic to the class. The Class Representative is represented by attorneys who are experienced and competent in both class litigation and employment litigation.

58.    The Class Representative's claims are typical of those of the Class. The Class Representative and the other Class members were subjected to Defendant's policies, practices, programs, procedures, protocols and plans alleged herein concerning the failure to pay proper wages and the failure to keep adequate records. The Class Representative's job duties are typical of those of the class members.

59.    Further, the Class Representative and the Class have been equally affected by Defendant's failure to pay proper wages. Moreover, members of the Class still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

60.    Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class was a whole.

61.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present

action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

62.    This action is properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

### FIRST CAUSE OF ACTION
**FLSA– Unpaid Overtime Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

63.    Plaintiff incorporates by reference all preceding allegations.

64.     Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

65.    Plaintiff consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

66.    At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

67.    The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

- 11 -

68.     Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

69.     At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

70.     Defendant has failed to pay Plaintiff and other similarly situated current and former employees all of the overtime wages to which they were entitled under the FLSA.

71.     Defendant's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional.  Defendant has failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former employees.

72.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

73.     As a result of Defendant's willful violations of the FLSA, Plaintiff and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

74.     As a result of the unlawful acts of Defendant, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### NYLL – Unpaid Overtime Wages
### (Brought on behalf of Plaintiff and the Class)

75.     Plaintiff incorporates by reference all preceding allegations.

76.     At all times relevant, Plaintiff and the Class were employees and Defendant was their employer within the meaning of the NYLL.

77.     Plaintiff and the Class are covered by the NYLL.

78.     Defendant failed to keep, make, preserve, maintain and furnish accurate records of time worked by Plaintiff and the Class.

79.     Defendant failed to pay Plaintiff and the Class overtime wages to which they are entitled under the NYLL Article 19 §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

80.     Defendant failed to pay Plaintiff and members of the Class overtime at a wage rate of one and one-half times their regular rate of pay.

81.     Defendant has a policy and practice of refusing to pay overtime compensation for all hours worked to Plaintiff and the Class.

82.     Defendant's failure to pay overtime compensation to Plaintiff and the Class was willful and intentional.

83.     Due to Defendant's violations of the NYLL, Plaintiff and members of the Class are entitled to recover from Defendant their unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### NYLL – Unpaid Non-Overtime Wages
### (Brought on behalf of Plaintiff and the Class)

84.     Plaintiff incorporates by reference all preceding allegations.

85.     At all times relevant, Plaintiff and the Class were employees and Defendant was their employer within the meaning of the NYLL.

86.     Plaintiff and the Class are covered by the NYLL.

87.     Defendant failed to keep, make, preserve, maintain and furnish accurate records of time worked by Plaintiff and the Class.

88.     Defendant failed to pay Plaintiff and the Class non-overtime wages to which they are entitled under the NYLL Article 19 §§ 650 et seq., and the supporting New York State Department of Labor Regulations, specifically N.Y. Lab. Law § 661(3).

89.     Defendant has a policy and practice of refusing to pay non-overtime compensation for all hours worked to Plaintiff and the Class.

90.     Defendant's failure to pay non-overtime compensation to Plaintiff and the Class was willful, within the meaning of N.Y. Lab. Law § 663, and intentional.

91.     Due to Defendant's violations of the NYLL, Plaintiff and members of the Class are entitled to recover from Defendant their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
### NYLL – Failure to Provide Wage Statements
### (Brought on behalf of Plaintiff and the Class)

92.     Plaintiff incorporates by reference all preceding allegations.

- 14 -

93.     Defendant failed to supply Plaintiff and members of the Class with an accurate statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

94.     Due to Defendant's violations of N.Y. Lab. Law § 195, for each workweek that Defendant failed to provide a proper wage statement from April 9, 2011 through February 26, 2015, Plaintiff and members of the Class are each entitled to damages of $100 per workweek, or a total of $2,500 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

95.     Due to Defendant's violations of N.Y. Lab. Law § 195, for each workweek that Defendant failed to provide a proper wage statement from February 26, 2015 through the present, Plaintiff and members of the Class are each entitled to damages of $250 per work day, or a total of $5,000 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, seeks the following relief:

A.      That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all members of the proposed FLSA Collective.  Such

notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B.      Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.      Certification of this case as a class action pursuant to Rule 23;

D.      Designation of Plaintiff as the Class Representative, and counsel of record as Class Counsel;

E.      Unpaid overtime and liquidated damages pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

F.      Unpaid non-overtime wages and liquidated damages pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

G.      Statutory damages, as provided for by N.Y. Lab. Law § 198, for Defendant's violations of the notice and recordkeeping requirements pursuant to N.Y. Lab. Law § 195;

H.      Pre-judgment interest and post-judgment interest as provided by law;

I.      Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

J.      Attorneys' fees and costs of the action;

K.      An appropriate service award for Plaintiff's efforts and service to the proposed FLSA Collective and Class; and

- 16 -

L.      Such other injunctive and equitable relief as this Court shall deem just and proper.


Dated: New York, New York                              Respectfully submitted,
        November 8, 2018


_____
Michael J. Palitz
SHAVITZ LAW GROUP, P.A.
830 3rd Avenue, 5th Floor
New York, New York 10022
Telephone:      (800) 616-4000
Facsimile:      (561) 447-8831
mpalitz@shavitzlaw.com

Gregg I. Shavitz*
Logan Pardell*
SHAVITZ LAW GROUP, P.A.
981 Yamato Road, Suite 285
Boca Raton, Florida 33431
Telephone:      (561) 447-8888
Facsimile:      (561) 447-8831
gshavitz@shavitzlaw.com
lpardell@shavitzlaw.com

Troy L. Kessler
Garrett Kaske
SHULMAN KESSLER LLP
534 Broadhollow Road, Suite 275
Melville, NY 11747
Telephone:      (631) 499-9100
Facsimile:      (631) 499-9120
tkessler@shulmankessler.com
gkaske@shulmankessler.com

*Attorneys for Plaintiff and the proposed*
*FLSA Collective*


        *to apply for admission *pro hac vice*

- 17 -

# EXHIBIT A

## CONSENT TO JOIN FORM

1.      I consent to be a party plaintiff in a lawsuit against Defendant(s), Lane Bryant, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.      I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

DocuSigned by:

_____
88B2E98ADDB44BC...
Signature

Amanda Meo
_____
Print Name