

January 25, 2019

<u>Via ECF</u>
Hon. A. Kathleen Tomlinson, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re:    *Meo v. Lane Bryant, Inc.*
              Case No. 18 Civ. 06360 (JMA)(AKT)

Dear Judge Tomlinson:

    Along with co-counsel, we represent Plaintiff Amanda Meo, 11 Opt-In Plaintiffs (ECF Nos. 5, 11) ("Plaintiffs") and the putative class and collective action. Plaintiffs seeks an order to: (1) conditionally certify the collective action; (2) require Defendant ("Lane Bryant") to furnish the names and contact information for all hourly Store Managers ("SMs") employed since November 8, 2015; and (3) require Lane Bryant to post and Plaintiff to circulate a Notice of Pendency ("Notice") and Consent to Join form ("Consent") (Ex. A) to all SMs. Because this motion is non-dispositive, we submit this letter pursuant to Your Honor's Individual Rules to decide "in the first instance." *Bijoux v. Amerigroup N.Y., LLC*, No. 14 Civ. 3891, 2015 WL 5444944, at *1 (E.D.N.Y. Sept. 15, 2015). After a meet and confer by phone, Lane Bryant declined to consent to this motion.

    **I.**    **Conditional Certification is Warranted**

    Lane Bryant failed to pay all overtime wages their SMs earned, violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York Labor Law ("NYLL"). *See* ECF No. 1 (Compl.) ¶¶ 21, 23-33, 37-43. Plaintiffs consistently work off-the-clock hours without overtime pay. *See* Ex. B (Meo Decl.) ¶¶ 6-11; Ex. C (Smith Decl.) ¶¶ 7-14 Ex. D (Devlin Decl.) ¶¶ 7-13; Ex. E (Koehler Decl.) ¶¶ 7-13; Ex. F (Davis Decl.) ¶¶ 5-13; Ex. G (Seymour Decl.) ¶¶ 5-12; Ex. H (Marchand Decl.) ¶¶ 5-12; Ex. I (Clark Decl.) ¶¶ 4-11; Ex. J (McCreery Decl.) ¶¶ 6-13. Plaintiffs and other SMs' off-the-clock overtime work included in-store duties – assisting customers, stocking, and cleaning – and post-shift work – scheduling, conference calls, responding to store associates, and passing out pamphlets to businesses. *See* ECF No. 1 (Compl.) ¶¶ 24-26; Ex. B ¶¶ 10-11; Ex. C ¶ 8; Ex. D ¶¶ 7-8; Ex. E ¶¶ 7-8; Ex. F ¶¶ 5-7; Ex. G ¶¶ 5-6; Ex. H ¶ 9; Ex. I ¶ 6; Ex. J ¶¶ 6-7. In accordance with Lane Bryant's policies, SMs work these unpaid hours because of workplace pressures and limits on labor costs. *Id.* ECF No. 1 (Compl.) ¶ 43; Ex. B ¶¶ 7-9; Ex. C ¶¶ 11-14; Ex. D ¶¶ 9-12; Ex. E ¶¶ 11-13; Ex. F ¶¶ 10-13; Ex. G ¶¶ 5, 9-12; Ex. H ¶¶ 5-6, 10-12; Ex. I ¶¶ 4, 9-11; Ex. J ¶¶ 6, 10-13; *see also* Ex. K (FAQ from Ascena Retail Group, Inc., (Lane Bryant's parent company)) at p. 4 ("When times are tight, people are often asked to step up and contribute even more than they normally would, until business stabilizes.").

    To serve the FLSA's "broad remedial purpose," courts conditionally certify collective actions, allowing potentially "similarly situated" employees to receive early notice of the case. *Pineda v. Jim-Mar Consultants, Inc.*, 741 F. Supp. 2d 398, 402 (E.D.N.Y. 2010) (Tomlinson,

534 Broadhollow Road, Suite 275
Melville, New York 11747
Tel 631.499.9100  Fax 631.499.9120
www.shulmankessler.com

Hon. A. Kathleen Tomlinson, U.S.M.J.
Re: *Meo v. Lane Bryant, Inc.*
January 25, 2019
Page 2 of 3

Mag.) (quotations omitted). Certification is a two-step process. *Castillo v. Perfume Worldwide Inc.*, No. 17 Civ. 2972, 2018 WL 1581975, at *2 (E.D.N.Y. Mar. 30, 2018) (Tomlinson, Mag.)

In the first step, courts look to the pleadings and declarations to decide if the employees are similarly situated. *Zaldivar v. JMJ Caterers, Inc.*, 166 F. Supp. 3d 310, 317 (E.D.N.Y. 2016) (Tomlinson, Mag). Plaintiffs need only make a "modest factual showing" that they and the putative class "were victims of a common policy or plan that violated the law." *Id.* (quotations and citations omitted). In doing so, courts "refrain from making credibility determinations" or resolving factual disputes and the merits. *Sexton v. Franklin First Fin., Ltd.*, No. 08 Civ. 04950, 2009 WL 1706535, at *6-7 (E.D.N.Y. June 16, 2009); *Zaldivar*, 166 F. Supp. at 322 (collecting cases). These second-step determinations are made after discovery. *Klein v. Weatherproofing Techs., Inc.*, No. 15 Civ. 4443, 2016 WL 11002292, at *4 (E.D.N.Y. Mar. 22, 2016).

Currently, the Court only needs to engage in step one. Plaintiff's burden is minimal at this stage. *See Puglisi v. TD Bank, N.A.*, 998 F. Supp. 2d 95, 99 (E.D.N.Y. 2014); *Castillo*, 2018 WL 1581975, at *3-4 (describing plaintiff's "low" burden). It may be satisfied by "employee affidavits setting forth a defendant's plan or scheme to not pay overtime compensation and identifying by name similarly situated employees." *Ritz v. Mike Rory Corp.*, 959 F. Supp. 2d 276 (E.D.N.Y. 2013) (certifying collective based on one sworn statement of the sole plaintiff). This includes where the plaintiffs allege that the company denied overtime by requiring them to work off the clock pursuant to a *de facto* company policy. *See, e.g.*, *Klein*, 2016 WL 11002292, at *4 ("there is certainly evidence in the record of a [*de facto*] policy" including, *inter alia*, four declarations, which "identified nine other[]" employees); *Bijoux v. Amerigroup N.Y., LLC*, No. 14 Civ. 3891, 2015 WL 4505835, at *6 (E.D.N.Y. July 23, 2015) (certification appropriate where declarants explained workplace pressures lead to off-the-clock work), *adopted by*, 2015 WL 5444944, at *4 (granting state-wide certification and noting that courts "'regularly find named plaintiffs to be similarly situated to employees at locations where they did not work'" (quotations and citations omitted.)); Ex. L (*Oakley Hr'g* Tr.) 13:11-17, 26:9-28:8, *Oakley v. Servisair, LLC*, No. 13 Civ. 4191 (E.D.N.Y. May 25, 2017)*, adopted by*, 2017 WL 3017719 (E.D.N.Y. July 14, 2017) (certifying nationwide collective of based on declarations from six of over 40 airports); *see also Flood v. Carlson Rests. Inc.*, (S.D.N.Y. Jan. 20, 2015) (42,000-person collective certified based on declarations from eight locations in four states and evidence of centralized control); *Amador v. Morgan Stanley & Co.*, No. 11 Civ. 4326, 2013 WL 494020, at *6 (S.D.N.Y. Feb. 7, 2013) (nationwide certification based on testimony from nine states and 13 locations); *Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397, 408 (S.D.N.Y. 2012) (nationwide collective where plaintiffs worked at only 13 branches).

As Plaintiffs describe, SMs were subjected to Lane Bryant's policy of requiring them to work unpaid overtime hours. *See* Ex. B ¶¶ 6-11; Ex. C ¶¶ 7-14 Ex. D ¶¶ 7-13;Ex. E ¶¶ 7-13; Ex. F ¶¶ 5-13; Ex. G ¶¶ 5-12; Ex. H ¶¶ 5-12; Ex. I ¶¶ 4-11; Ex. J ¶¶ 6-13. Plaintiffs specifically name over 23 coworkers whom they witnessed working over 40 hours a week and with whom Plaintiffs discussed not receiving overtime pay. *See* Ex. B ¶ 13 [sic]; Ex. C ¶ 15; Ex. D ¶ 14; Ex. E ¶ 14;

Hon. A. Kathleen Tomlinson, U.S.M.J.
Re: *Meo v. Lane Bryant, Inc.*
January 25, 2019
Page 3 of 3

Ex. F ¶ 14; Ex. G ¶ 13; Ex. H ¶ 13; Ex. I ¶ 12; Ex. J ¶ 14. The SM job does not vary from store to store as evidenced by Lane Bryant's uniform job postings. Ex. M (Job Postings). This evidence establishes that conditional certification is warranted because Plaintiffs and the other SMs were subjected to a common plan that violated the FLSA.

Conditional certification should apply to all SMs because Plaintiff proffered evidence of a widespread *de facto* company policy. *Compare, e.g.*, *Oakley*, supra; *Klein*, 2016 WL 11002292, at *4; *with Sharma v. Burberry Ltd.*, 52 F. Supp. 3d 443, 460 (E.D.N.Y. 2014) (Tomlinson, Mag.) ("Plaintiffs . . . fail to provide any factual detail about these 'other SAs,' such as their names or where they worked."). That is, Plaintiff supplemented her complaint with: (1) detailed declarations from nine SMs employed in eight states at 38 stores, all of whom worked unpaid overtime because of a consistent corporate policy; (2) documentary evidence, showing common job requirements, job duties, and workplace pressures; and (3) the names of approximately 28 similarly situated SMs.

## II.     Plaintiffs' Proposed Notice Plan Should be Approved

The Notice and Consent should issue to all SMs employed after November 20, 2015. The FLSA's three-year statute of limitations for willful violations should be applied to the notice period here. *See Zaldivar*, 166 F. Supp. 3d at 325 (keying the three-year period to the complaint because of "equitable tolling issues often arise" (quotations omitted)); *Sharma*, 52 F. Supp. 3d at 464-65. Thus, Lane Bryant should produce a computer-readable list containing each SMs' (1) name, (2) addresses, (3) phone number, (4) email, and (5) dates of employment. *Id.* at 327 (ordering production of same; collecting cases); *Castillo*, 2018 WL 1581975, at *16-17 (same).

The Court should allow distribution of the Notice and Consent by (a) mail, (b) email, (c) text message, and (d) posting. *See, e.g.*, *Martin v. Sprint/United Mgt. Co.*, No. 15 Civ. 5237, 2016 WL 30334, at *19 (S.D.N.Y. Jan. 4, 2016) (collecting cases) (noting that "[c]ourts in this Circuit routinely approve email distribution" and authorizing text notice); *Williams v. TSU Global Servs. Inc.*, No. 18 Civ. 72, 2018 WL 2018 WL 6075668, at *10 (E.D.N.Y. Nov. 20, 2018) (approving notice by mail, email, text, and posting, and a reminder notice); *see* Ex. N (Proposed Email Notice); Ex. O (Proposed Text Message Notice). And, the Court should permit a reminder notice (Ex. P) to issue half way through the notice period to help ensure that SMs receive timely notice of their rights. *See Sharma*, 52 F. Supp. 3d at 466 (collecting cases). Should Defendant object to the content of the Notice and Consent, Plaintiff respectfully requests 10 days after the Court's order to meet and confer with Defendant and bring any unresolved issues to the Court's attention.

Thank you for Your Honor's anticipated consideration of this matter.

Respectfully submitted,

*/s/ Troy L. Kessler*
Troy. L Kessler

encs.