UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
AMANDA MEO, on behalf of herself and all others  :
similarly situated,                              :
                                                 :  Case No.: 18 Civ. 6360 (JMA) (AKT)
                Plaintiff,    :
  -against-                                     :
                                                 :
LANE BRYANT, INC.,                               :
                                                 :
                Defendant.    :
------------------------------------------------------------------ X

# REPLY MEMORANDUM OF LAW IN SUPPORT OF
# PLAINTIFF'S MOTION FOR CONDITIONAL FLSA CERTIFICATION

SHAVITZ LAW GROUP, P.A.
Gregg I. Shavitz*
981 Yamato Road, Suite 285
Boca Raton, Florida 33431
Phone: (561) 447-8888
Fax: (561) 447-8831
gshavitz@shavitzlaw.com
lpardell@shavitzlaw.com
*pro hac vice motion pending

Michael J. Palitz
830 3rd Avenue, 5th Floor
New York, New York 10022
Phone: (800) 616-4000
Fax: (561) 447-8831
mpalitz@shavitzlaw.com

SHULMAN KESSLER LLP
Troy L. Kessler
Garrett Kaske
534 Broadhollow Rd., Ste 275
Melville, NY 11747
Phone: (631) 499-9100
Fax: (631) 499-9120
tkessler@shulmankessler.com
gkaske@shulmankessler.com

*Attorneys for Plaintiff and the proposed FLSA Collective and New York Class*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT .............................................................................................................................1

I. Lane Bryant Merits-Based Arguments Are Not Applicable at this Stage. ...............................1

    A. Plaintiffs' Declarations Must Be Credited Over Lane Bryant's. ........................................2

        1. Lane Bryant's counter-declarations should not be credited...................................2

        2. Plaintiffs' declarations must be credited as they are factual and robust ..................3

    B. Lane Bryant's Overtime Policy and Payments Are Not A Bar to Certification. .................4

    C. Lane Bryant's Individual Defenses Cannot Preclude Conditional Certification .................5

II. Plaintiffs' Evidence Demonstrates a Nationwide Policy that Violates the Law.......................6

III. The Court has Personal Jurisdiction Over Defendants for All Claims and Plaintiffs................8

III. The Court Should Approve Meo's Revised Notice and Dissemination Plan ..........................10

    A. The Consents Should be Returned to a Third-Party Administrator....................................11

    B. The Court Should Reject Edits 8, 10, 12, 14, 17, and 19....................................................11

    C. Reminder Notices Help Effectuate Notice...........................................................................12

CONCLUSION...........................................................................................................................12

# TABLE OF AUTHORITIES

**PAGES**

**CASES**

*Amador v. Morgan Stanley & Co. LLC*,
2013 WL 494020 (S.D.N.Y. Feb. 7, 2013) ............................................................. 2, 4, 5

*Amendola v. Bristol-Myers Squibb Co.*,
558 F. Supp. 2d 459 (S.D.N.Y. 2008) ............................................................................ 5

*Arciello v. County of Nassau*,
2017 WL 4998074 (E.D.N.Y. Oct. 30, 2017) ............................................................. 12

*Bai v. Zhuo*,
2014 WL 5475395 (E.D.N.Y. Oct. 29, 2014) ............................................................ 3, 4

*Best Van Lines, Inc. v. Walker*,
490 F.3d 239 (2d Cir. 2007) ............................................................................................ 8

*Bifulco v. Mortg. Zone, Inc.*,
262 F.R.D. 209 (E.D.N.Y. 2009) .................................................................................... 6

*Bijoux v. Amerigroup N.Y., LLC*,
2015 WL 5444944 (E.D.N.Y. Sept. 15, 2015) ............................................................ 4, 6

*Bijoux v. Amerigroup N.Y., LLC*,
2015 WL 4505835 (E.D.N.Y. July 23, 2015) ............................................................. 4, 5

*Bristol-Myers Squibb Co. v. Superior Ct. of*,
137 S. Ct. 1773 (2017) ................................................................................................ 8, 9

*Cano v. Four M Food Corp.*,
2009 WL 5710143 (E.D.N.Y. Feb. 3, 2009) .................................................................. 6

*Castillo v. Perfume Worldwide Inc.*,
2018 WL 1581975 (E.D.N.Y. Mar. 30, 2018) ............................................................ 8, 11

*Cruz v. Lyn-Rog Inc.*,
754 F. Supp. 2d 521 (E.D.N.Y. 2010) ............................................................................ 6

*Culpepper v. Bank of Am., Natl. Ass'n*,
2019 WL 343253 (D. Conn. Jan. 28, 2019) ................................................................. 12

*Garcia v. Vasilia*,
319 F. Supp. 3d 863 (S.D. Tex. 2018) .......................................................................... 10

*Garriga v. Blonder Builders Inc.*,
2018 WL 4861394 (E.D.N.Y. Sept. 28, 2018) ..............................................................................12

*Gonzalez v. Costco Wholesale Corp.*,
2018 WL 4783962 (E.D.N.Y. Sept. 29, 2018) ................................................................................8

*Hernandez v. Merrill Lynch & Co., Inc.*,
2012 WL 1193836 (S.D.N.Y. Apr. 6, 2012)....................................................................................8

*Hickman v. TL Trans., LLC*,
317 F. Supp. 3d 890 (E.D. Pa. 2018) ..............................................................................................9

*Hoffmann-La Roche, Inc. v. Sperling*,
493 U.S. 165 (1989) ......................................................................................................................10

*Jackson v. Bank of Am., N.A.*,
2018 WL 2381888 (W.D.N.Y. May 25, 2018) ...............................................................................9

*Klein v. Weatherproofing Techs., Inc.*,
2016 WL 11002292 (E.D.N.Y. Mar. 22, 2016) ..............................................................................5

*Levy v. Verizon Info. Servs.*,
2007 WL 1747104 (E.D.N.Y. June 11, 2007) ................................................................................8

*Maclin v. Reliable Reports of Tex., Inc.*,
314 F. Supp 845 (N.D. Ohio 2018)...............................................................................................10

*Mongiove v. Nate's Corp.*,
2016 WL 590460 (E.D.N.Y. Feb. 11, 2016).................................................................................12

*Puglisi v. TD Bank, N.A.*,
998 F. Supp. 2d 95 (E.D.N.Y. 2014) .........................................................................................4, 11

*Roy v. FedEx Ground Pack. Sys., Inc.*,
2018 WL 6179504 (D. Mass. Nov. 27, 2018) ..............................................................................10

*Seiffert v. Qwest Corp.*,
2018 WL 6590836 (D. Mont. Dec. 14, 2018)...........................................................................9, 10

*Sexton v. Franklin First Fin., Ltd.*,
2009 WL 1706535 (E.D.N.Y. June 16, 2009) ................................................................................6

*Sharma v. Burberry Ltd.*,
52 F. Supp. 3d 443 (E.D.N.Y. 2014) .....................................................................................2, 6, 8

*Simon v. Philip Morris, Inc.*,
86 F. Supp. 2d 95 (E.D.N.Y. 2000) ...............................................................................10

*Spagnuoli v. Louie's Seafood Rest., LLC*,
2014 WL 2534836 (E.D.N.Y. June 5, 2014) ....................................................................3

*Spagnuoli v. Louie's Seafood Rest., LLC*,
2015 WL 13790209 (E.D.N.Y. Dec. 29, 2015) .................................................................4

*Stevens v. HMSHost Corp.*,
2012 WL 4801784 (E.D.N.Y. Oct. 10, 2012) ....................................................................6

*Sultonmurodov v. Mesivta of Long Beach*,
2015 WL 9273948 (E.D.N.Y. Dec. 17, 2015) ....................................................................2

*Swamy v. Title Source, Inc.*,
2017 WL 5196780 (N.D. Cal. Nov. 10, 2017) ...................................................................9

*Tanski v. Avalonbay Communs., Inc.*,
2017 WL 10858910 (E.D.N.Y. Mar. 31, 2017)..................................................................6

*Thomas v. Kellogg Co.*,
2017 WL 5256634 (W.D. Wash. Oct. 17, 2017) ..............................................................10

*Thornburn v. Door Pro Am., Inc.*,
2018 WL 1413455 (E.D.N.Y. Mar. 20, 2018) ...........................................................1, 2, 6

*Velasquez v. Digital Page, Inc.*,
2014 WL 2048425 (E.D.N.Y. May 19, 2014) .............................................................11, 12

*Zaldivar v. JMJ Caterers, Inc.*,
166 F. Supp. 3d 310 (E.D.N.Y. 2016) ...............................................................................1

*Zaldivar v. JMJ Caterers, Inc.*,
2016 WL 1029494 (E.D.N.Y. Mar. 15, 2016)..................................................................11

**OTHER AUTHORITIES**

Fair Labor Fraud: The Peculiar Interplay of Civil Rico and the Federal Minimum Wage Act,
112 Colum. L. Rev. 2153 (2012) ..................................................................................... 12

# GLOSSARY OF DEFINED TERMS

**Lane Bryant:** "Lane Bryant" refers to Defendant Lane Bryant, Inc..

**Meo:** "Meo" refers to Plaintiff Amanda Meo.

**Plaintiffs:** "Plaintiffs" means Plaintiff Amanda Meo together will all individuals who have joined this case by filing a Consent to Join form with Court.

**SM:** "SM" is the abbreviation of "Store Manager" and refers to all non-exempt hourly Store Managers employed by Lane Bryant at any retail store location throughout the United States, however variously titled, on or after November 8, 2015, who have not been paid for all overtime hours worked.

**PRELIMINARY STATEMENT**

The Court should grant Meo's motion. Meo's substantial evidence meets her low burden for conditional certification at this first, pre-discovery stage. Meo and eight hourly SMs submitted declarations affirming that they were collectively employed at 30 locations across seven states and subjected to Lane Bryant's policy of requiring SMs to work unpaid overtime. These SMs named at least 18 others from 10 states whom they witnessed working over 40 hours a week and with whom they discussed not receiving overtime pay. *See infra* § II. The SMs work unpaid hours due to Lane Bryant's workplace pressures and limits on labor costs. *See* Pl. Br. at 1. They are also subject to Lane Bryant's uniform timekeeping polices, overtime policies and job requirements. *Id*. at 2-3. This evidence shows that SMs "were victims of a common policy or plan that violated the law" and exceeds the "modest factual showing" necessary for conditional certification. *Zaldivar v. JMJ Caterers, Inc.*, 166 F. Supp. 3d 310, 317 (E.D.N.Y. 2016) (Tomlinson, Mag.).

Lane Bryant's opposition does not alter this analysis. As discussed below, most of their opposition is an improper, premature attack on the merits. The remaining point is an inapplicable attack on the Court's jurisdiction based on a tortured reading of Supreme Court precedent. As such, the Court should grant Meo's motion and approve the circulation of Meo's proposed Notice of Pendency, as revised (Ex. T (Revised Notice)), and requested in Section IV.

**ARGUMENT**

**I. Lane Bryant's Merits-Based Arguments Are Not Applicable at this Stage.**

Lane Bryant makes three merits-based arguments for denying this motion: (1) Plaintiffs' declarations are a cacophony of lies; (2) SMs were paid overtime; and (3) SMs claims are too individualized. Each of these is misplaced and runs contrary to the weight of authority. *See Thornburn v. Door Pro Am., Inc.*, No. 16 Civ. 3839, 2018 WL 1413455, at *9 (E.D.N.Y. Mar. 20,

2018) (Tomlinson, Mag.) ("[I]t would not be proper for the Court to consider any evidentiary offering made by Defendant to rebut Plaintiff's showing."); *Sultonmurodov v. Mesivta of Long Beach*, No. 15 Civ. 1654, 2015 WL 9273948, at *3 (E.D.N.Y. Dec. 17, 2015) ("The Court does not weigh the merits . . . , resolve factual disputes, or evaluate credibility at this stage.")

### A. Plaintiffs' Declarations Must Be Credited Over Lane Bryant's.

The Court should disregard Lane Bryant's attempt to engage in a full-fledged hearing on the merits for two reasons: (1) Lane Bryant's counter-declarations and merit-based arguments should not be credited; and (2) Meo's proffer of evidence is meritorious and hefty – far from being the objectively baseless sham Lane Bryant characterizes them to be.

#### 1. Lane Bryant's counter-declarations should not be credited.

Courts refuse to weigh evidence in a defendant's employee-declarations at the conditional certification stage. *See Thornburn*, 2018 WL 1413455, at *9 (collecting cases); *Sharma v. Burberry Ltd.*, 52 F. Supp. 3d 443, 456 (E.D.N.Y. 2014) (Tomlinson, Mag.) ("The Court declines to consider these declarations . . . as they do not bear on whether Plaintiffs have made the 'modest factual showing' . . . ." (citations omitted)). Such submissions are inherently suspect. *See Amador v. Morgan Stanley & Co. LLC*, No. 11 Civ. 4326, 2013 WL 494020, at *8 (S.D.N.Y. Feb. 7, 2013) (Sullivan, J.) (noting the "potential for coercion"); *Norris v. Babylon Townhouse Diner Corp.*, No. 18 Civ. 3051, slip op. tr. at 6:11-20 (E.D.N.Y. Jan. 23, 2019) (Bianco, J.) (Ex. Q) (current and former employees may "side with the employer, rather than provide truthful information"). Thus, the Court should disregard Lane Bryant's currently-employed, "happy-camper" declarations[1] and

---

[1] Even if the Court were to consider these declarations, they include facts that support Meo's allegations. For example, Lane Bryant confirms that hourly SMs regularly worked over 40 hours a week. Def. Br. at 8-10. Thus, the off-the-clock work performed in those weeks would be covered by the FLSA. Lane Bryant also confirms that SMs perform work from home and outside of normal in-store hours, when needed. *Id.* at 3-4; *see, e.g.*, Ex. B (Meo Decl.) ¶11 (outside-the-store work).

reject Lane Bryant's argument that its proffer of some counter evidence exposes that Meo is a liar. *See, e.g.*, *Norris*, slip op. tr. at 4:15-5:12 (refusing to make a "credibility determination" to find that plaintiff was "lying to the Court about what she observed . . . [and] was told with respect to [the] alleged common policy").

## 2. Plaintiffs' declarations must be credited as they are factual and robust.

Lane Bryant begs the Court to ignore Plaintiffs allegations because it submitted rival declarations and evidence of paid overtime. *See* Def. Br. 7-11. In doing so, Lane Bryant cites two cases for the proposition that the Court can disregard imperfect affidavits: *Bai v. Zhuo*, No. 13 Civ. 5790, 2014 WL 5475395 (E.D.N.Y. Oct. 29, 2014) and *Spagnuoli v. Louie's Seafood Rest., LLC*, No. 13 Civ. 4907, 2014 WL 2534836 (E.D.N.Y. June 5, 2014). But, the problematic affidavits submitted in those cases and the exacting declarations submitted here are worlds apart.

The *Bai* plaintiff only filed two pieces of evidence, after some discovery, in support of conditional certification: his own affidavits. 2014 WL 5475395, at *3-4. These affidavits were admittedly inaccurate and ultimately failed to identify "a single individual other than himself who was employed by defendant Lin or those entities during the limitations period." *Id*.

In *Spagnuoli*, the problems that rendered the plaintiff's declarations useless included: (a) five of the six declarations were undated and contained the wrong caption; and (b) allegations that the employees were not paid overtime for "all hours worked" – instead of for all hours over 40 – which, if true, did not violate the FLSA. 2014 WL 2534836, at *3-4. Thus, the motion was denied without prejudice. Yet, the court granted the plaintiffs' refiled motion for conditional certification, despite this history and the defendants' evidence, such as: (1) the restaurant was open for 75.5 hours a week (the plaintiff alleged over 80 hours of work a week); (2) records of pay at the proper overtime rate; (3) paychecks reflecting overtime pay; and (4) that all hours were captured in the

3

point-of-sales system. *See Spagnuoli v. Louie's Seafood Rest., LLC*, No. 13 Civ. 4907, 2015 WL 13790209, at *4 (E.D.N.Y. Dec. 29, 2015).

In stark contrast to *Bai* and *Spagnuoli*, Meo's nine detailed declarations set forth common job duties, common experiences working overtime off the clock, and identifying similarly situated SMs. *See* Pl. Br. at 1; *infra* §§ II. The fact that some of the SMs Plaintiffs named signed counter statements (*see* Def. Br. at 10) will not defeat conditional certification. *See, e.g.*, *Norris*, slip op. tr. at 7:5-13 ("[S]uch evidence cannot be used to undermine plaintiff's initial showing . . . .") *and* Ex. W (*Norris* Mem. of Law) (arguing that defendants' 14 affiants to plaintiff's lone declaration precluded certification). And, even if two SMs left Lane Bryant before the change to hourly pay, Plaintiffs identified 18 others from 10 states. *Compare id., and infra* § II, *with Bai*, 2014 WL 5475395, at *3. Thus, conditional certification is warranted. *Puglisi v. TD Bank, N.A.*, 998 F. Supp. 2d 95, 101 (E.D.N.Y. 2014) (nationwide certification granted despite errors in affidavits).

**B. Lane Bryant's Overtime Policy and Payments Are Not A Bar to Certification.**

Lane Bryant's declarations and charts cannot derail Meo's motion. Meo need only show that (1) a wide-spread *de facto* company policy resulted in (2) some unpaid overtime. *Bijoux v. Amerigroup N.Y., LLC* ("*Bijoux I*"), No. 14 Civ. 3891, 2015 WL 4505835, at *6, *9 (E.D.N.Y. July 23, 2015), *adopted by*, ("*Bijoux II*") 2015 WL 5444944 (E.D.N.Y. Sept. 15, 2015).

Lane Bryant's allegedly facially lawful overtime policy is "of no moment." *Id.* at *6. Meo does not have to show that a facially invalid policy exists, but rather that a pattern of FLSA violations resulted from a company policy, *id*. (collecting cases), which she has. *Infra* §§ II.

Courts reject the argument that the court should deny conditional certification because the employer paid some overtime wages. The issue "is not whether Defendants paid any overtime to some of the Plaintiffs but whether they paid all overtime or had a policy of limiting the amount of overtime pay - through the explicit or implicit actions of their managers and supervisors." *Amador*,

4

2013 WL 494020, at *8. "[T]he mere fact that [Lane Bryant] paid a significant sum in overtime to [SMs] is not dispositive or even relevant at the conditional certification stage." *Bijoux I*, 2015 WL 4505835, at *9 (quoting *Amador*, 2013 WL 494020, at *8) (quotations omitted); *see also Klein v. Weatherproofing Techs., Inc.*, No. 15 Civ. 4443, 2016 WL 11002292, at *3 (E.D.N.Y. Mar. 22, 2016) (Bianco, J.) ("an employer does not insulate themselves [from liability] by the fact that they can show evidence that . . . some overtime was paid either to these plaintiffs or to other plaintiffs").

Lane Bryant's analysis of the overtime wages paid to Plaintiffs neither weakens Meo's motion nor Plaintiffs' reliability.[2] Plaintiffs acknowledged that they were paid for *some* overtime work. *See, e.g.*, Ex. B (Meo) ¶ 7 (noting that, for instance, she was paid overtime for working a new store opening). The operative issue is that Plaintiffs stated that they and other SMs were not paid for *all* their overtime hours spent working off-the-clock in the store – assisting customers, stocking, and cleaning – and out of the store – scheduling, conference calls, and responding to associates. *See id.* ¶¶ 10-11; Ex. C (Smith Decl.) ¶ 8; Ex. D (Devlin Decl.) ¶¶ 7-8; Ex. E (Koehler Decl.) ¶¶ 7-8; Ex. F (Davis Decl.) ¶¶ 5-7; Ex. G (Seymour Decl.) ¶¶ 5-6; Ex. H (Marchard Decl.) ¶ 9; Ex. I (Clark Decl.) ¶ 6; Ex. J (McCreery Decl.) ¶¶ 6-7. This is all that is needed at this stage.

**C. Lane Bryant's Individual Defenses Cannot Preclude Conditional Certification.**

Relying on *Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459 (S.D.N.Y. 2008) and Lane Bryant's declarations, Lane Bryant again puts the cart before the horse in arguing that the SMs' claims are subject to individualized analyses of why each SM worked unpaid overtime. *See* Def. Br. at 12-13. But, *Amendola*'s proposition that the merits are relevant to a first-step

---

[2] Lane Bryant touts that it paid 82,000 overtime hours to SMs from October 2, 2015 through October 12, 2018. *See* Def. Ex. B (Hilton Decl.) ¶¶ 15, 20. The shock value, however, depreciates quickly considering that this amounts to less than an hour of overtime paid to each SM each week across Lane Bryant's 700 stores, *id.* ¶ 3. (82,000 / (700 * 156 workweeks) = 0.7509).

5

certification motion "has been soundly rejected within this circuit[.]" *Stevens v. HMSHost Corp.*, No. 10 Civ. 3571, 2012 WL 4801784, at *2 (E.D.N.Y. Oct. 10, 2012); *see, e.g. Sexton v. Franklin First Fin., Ltd.*, No. 08 Civ. 4950, 2009 WL 1706535, at *7 n. 5 (E.D.N.Y. June 16, 2009) (Bianco, J.) (limiting *Amendola* to post-discovery motions and not applying *Amendola* to the defendants' claim that the plaintiff's case, like here, is allegedly "without basis or subject to certain affirmative defenses"); *Bifulco v. Mortg. Zone, Inc.*, 262 F.R.D. 209, 215 (E.D.N.Y. 2009) (Bianco, J.) (same and not applying *Amendola* where the defendants alleged that, like here, "plaintiffs lack credibility and cannot prove their claims on the merit"). Rather, "the existence of certain individual claims or defenses does not preclude the conditional certification of an FLSA collective action." *Cruz v. Lyn-Rog Inc.*, 754 F. Supp. 2d 521, 525 (E.D.N.Y. 2010) (Tomlinson, Mag.) (quotations omitted); *see also Cano v. Four M Food Corp.*, No. 08 Civ. 3005, 2009 WL 5710143, at *8 (E.D.N.Y. Feb. 3, 2009) (Bianco, J.) (same). After discovery, the Court can determine if all the opt-ins are similarly situated based on a full record. *Thornburn*, 2018 WL 1413455, at *5.

## II.     Meo's Evidence Demonstrates a Nationwide Policy that Violates the Law.

"Courts in this Circuit regularly find named plaintiffs to be similarly situated to employees at locations where they did not work, provided that plaintiffs have demonstrated that they all were subject to the same allegedly unlawful policy or plan." *Bijoux II*, 2015 WL 5444944, at *4 (citations omitted). Conditional certification is warranted if a plaintiff sets forth facts that show that the defendants violated her FLSA rights and – based on observations of and conversations with putative opt-ins – the rights of similarly situated employees. *Id.* The plaintiff, however, will not meet her burden to show that a "factual nexus among employees of all . . . locations" exists if she fails to provide evidence of this nexus. *Sharma*, 52 F. Supp. 3d at 460 ("Plaintiffs . . . fail to provide any factual detail about these 'other SAs,' such as their names or where they worked."); *see, e.g.*, *Tanski v. Avalonbay Communs., Inc.*, No. 15 Civ. 6260, 2017 WL 10858910, at *13

(E.D.N.Y. Mar. 31, 2017) (Tomlinson, Mag.) ("[Plaintiffs] do not identify the names of the individuals with whom they spoke, their specific positions, or the dates of the conversations[;] [therefore], . . . there is not a sufficient basis to discern a common factual nexus . . . .").

Unlike *Sharma* and *Tanski*, Meo supplemented her own allegations in the complaint with evidence of a factual nexus among putative collective members, including:

- Detailed declarations from nine individuals employed in over 30 stores across seven states as hourly SMs: California (Ex. I (Clark Decl.) ¶¶ 1-2); Connecticut (Ex. H (Marchand Decl.) ¶ 2); Iowa (Ex. D (Delvin Decl.) ¶¶ 1-2); New York (Ex. B (Meo Decl.) ¶¶ 1-2; Ex. C (Smith Decl.) ¶¶ 1-2; Ex. E (Koehler Decl.) ¶¶ 1-2; Ex. H (Marchand Decl.) ¶ 2); Nevada (Ex. G (Seymour Decl.) ¶ 1); Ohio (Ex. J (McCreery Decl.) ¶¶ 2-3); Tennessee (Ex. F (Davis Decl.) ¶¶ 1-2).

- Documents, showing common job requirements, job duties, and workplace pressures, Ex. K (FAQ from Ascena Retail Group, Inc., (Lane Bryant's parent company)) at p. 4 ("When times are tight, people are often asked to step up and contribute even more than they normally would, until business stabilizes."); Ex. M (Job Postings) (uniform postings from California, Florida, Ohio, Michigan, New York, and Pennsylvania).

- Examples of directives from District Managers about Lane Bryant's *de facto* off-the-clock policy: California (Ex. I (Clark Decl.) ¶ 9); Connecticut (Ex. H (Marchand Decl.) ¶ 12); Iowa (Ex. D (Delvin Decl.) ¶ 9); New York (Ex. B (Meo Decl.) ¶ 8; Ex. C (Smith Decl.) ¶ 11; Ex. H (Marchand Decl.) ¶ 12); Nevada (Ex. G (Seymour Decl.) ¶ 9); Ohio (Ex. J (McCreery Decl.) ¶ 12); Tennessee (Ex. F (Davis Decl.) ¶ 10).

- Conversations with 18 different, named hourly SMs, whom worked unpaid overtime while employed across 10 states: 2 SMs from California (Ex. I (Clark Decl.) ¶ 12); 1 from Idaho (Ex. G (Seymour Decl.) ¶ 13); 3 from Iowa (Ex. D (Delvin Decl.) ¶ 14); 1 from Kansas (Ex. G (Seymour Decl.) ¶ 13); 6 from New York (Ex. B (Meo Decl.) ¶ 12; Ex. C (Smith Decl.) ¶ 15; Ex. E (Koehler Decl.) ¶ 14; Ex. H (Marchand Decl.) ¶ 13); 1 from Nevada (Ex. G (Seymour Decl.) ¶ 13); 1 from Ohio (Ex. J (McCreery Decl.) ¶ 14); 1 from Pennsylvania (Ex. J (McCreery Decl.) ¶ 14); 1 from Rhode Island (Ex. H (Marchand Decl.) ¶ 13; 1 from Tennessee (Ex. F (Davis Decl.) ¶ 14).

Meo and the eight plaintiff-declarants are also joined by five hourly SMs employed in California, Georgia, Iowa, New York, and Washington. *See* ECF Nos. 5, 11, 15, 16 (Consent to Joins).

In sum, certification is warranted because Plaintiffs' declarations are detailed, attesting to (a) their off-the-clock duties performed because of workplace and labor-cost pressures and (b)

7

identifying putative collective members who were also subject to Lane Bryant's common unlawful overtime pay practices. *See* Pl. Br. at 2 (collecting comparable cases); *see also Hernandez v. Merrill Lynch & Co., Inc.*, No. 11 Civ. 8472, 2012 WL 1193836, at *4 (S.D.N.Y. Apr. 6, 2012) (nationwide conditional certification of off-the-clock overtime claims based on seven declarations and company documents); *Levy v. Verizon Info. Servs.,* No. 06 Civ. 1583, 2007 WL 1747104, at *5 (E.D.N.Y. June 11, 2007) (granting companywide conditional certification where "the allegations of unpaid overtime do not derive from one geographic location").

### III. The Court has Personal Jurisdiction Over Defendants for All Claims and Plaintiffs.

The Court's jurisdiction over Lane Bryant extends to the non-New York SMs' claims, including those of the opt-ins to date. The Court has jurisdiction over Meo's claims, as Lane Bryant it does business in New York at its in-state stores and Meo's claims arise out of those transactions. *See Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007). Yet, relying on a minority opinion and a misapplication of *Bristol-Myers Squibb Co. v. Superior Ct. of Ca.*, 137 S. Ct. 1773 (2017), Lane Bryant seeks to deny out-of-state SMs notice and opportunity to protect their time-sensitive FLSA rights. *See* Def. Br. at 16-17. The Court should reject these efforts because: (1) *Bristol-Myers* was a state-court mass tort case arising under state law, not a federal-court case asserting federal claims; (2) Congress intended for nationwide FLSA collective actions; and (3) Lane Bryant's authority is inapposite.[3]

---

[3] Because Meo seeks conditional, not final or class certification, the Court should at least defer the *Bristol-Myers* question until after SMs have opted in and stopped the clocks on their FLSA claims – just as the Court would address equitable-tolling issues and arbitration agreements signed by the putative opt-ins. *See, e.g., Castillo v. Perfume Worldwide Inc.*, No. 17 Civ. 2972, 2018 WL 1581975, at *9 (E.D.N.Y. Mar. 30, 2018) (Tomlinson, Mag.) ("[W]hether an opt-in is precluded from pursuing his or her claim by signing an arbitration agreement is premature."); *Sharma*, 52 F. Supp. 3d at 461, 465 (issuing notice beyond the three-year statutory period even though some recipients won't have timely claims; deferring timeliness challenges to after the notice period closes); *accord*. *Gonzalez v. Costco Wholesale Corp.,* No. 16 Civ. 2590, 2018 WL 4783962,

First, *Bristol-Myers* is inapposite. *Bristol-Myers* was a state court, mass tort case based on state law. *Id.* at 1779. In finding that the non-resident plaintiffs' lack of contacts with California precluded jurisdiction over their claims, the Court limited its decision to the "limits of the exercise of specific jurisdiction *by a State*, . . . leav[ing] open the question whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction *by a federal court*." *Id.* at 1781, 1783-84 (citations omitted; emphasis added). This is crucial: "[b]ased on these distinctions, many district courts faced with this issue have convincingly found that *Bristol-Myers* does not prevent a plaintiff in federal court from asserting federal claims on behalf of a nationwide class." *Hickman v. TL Trans., LLC*, 317 F. Supp. 3d 890, 899 n. 2 (E.D. Pa. 2018) (noting the "compelling reasons to doubt" that *Bristol-Meyers* applies to out-of-state FLSA plaintiffs).

Second, Meo's claims are asserted under a "federal statute designed to address employment practices nationwide." *Seiffert v. Qwest Corp.*, No. 18 Civ. 70, 2018 WL 6590836, at *2 (D. Mont. Dec. 14, 2018), *cert. of appeal denied*, 2019 WL 859045 (D. Mont. Feb. 22, 2019); *Swamy v. Title Source, Inc.*, No. 17 Civ. 1175, 2017 WL 5196780, at *2 (N.D. Cal. Nov. 10, 2017). As a result, the "FLSA does not limit [collective] claims to in-state plaintiffs." *Id.* Rather, the lead "FLSA [plaintiff] dictates a district court's analysis of specific jurisdiction." *Id.* at *4; *see, e.g.*, *Swamy*, 2017 WL 5196780, at *2 ("It is undisputed that Title Source is subject to personal jurisdiction in California to claims brought by Swamy, the sole named plaintiff in this action, which is all that is needed to satisfy the requirement of personal jurisdiction in an FLSA action."); *accord. Jackson v. Bank of Am., N.A.*, No. 16 Civ. 787, 2018 WL 2381888, at *6 (W.D.N.Y. May 25, 2018) ("lack of specific jurisdiction potentially would not be an impediment to unnamed members of a class"

---

at *8 (E.D.N.Y. Sept. 29, 2018) (deferring decision on *Bristol-Meyers'* applicability to federal class action until motion for class certification is filed).

(citing *Simon v. Philip Morris, Inc.*, 86 F. Supp. 2d 95, 124-25 (E.D.N.Y. 2000) ("The New York class members may be considered the jurisdictional representatives of the entire nationwide class in much the same way as the named plaintiffs are its citizenship representatives for purposes of determining diversity competence of the federal court.")). Thus, personal jurisdiction is satisfied in this case because the Court has jurisdiction over Meo's claim.

Lastly, the two FLSA cases cited in opposition were wrongly decided and are in the minority. *See* Def. Br. at 16 (citing *Maclin v. Reliable Reports of Tex., Inc.*, 314 F. Supp 845, 851 (N.D. Ohio 2018) and *Roy v. FedEx Ground Pack. Sys., Inc.*, No. 17 Civ. 30116, 2018 WL 6179504 (D. Mass. Nov. 27, 2018)). These courts ignored the FLSA's intent recognized in *Seiffert* and *Swamy*. For instance, *Maclin*'s assurance that non-residents may file FLSA collectives "in their respective home states," 314 F. Supp. 3d at 851, is antithetical to the Supreme-Court endorsed collective action process. *See Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989) (collective actions promote the "efficient resolution in one proceeding of common issues of law and fact"). As a result, the Court should follow the majority of courts, *Seiffert* and *Swamy* included, that deny *Bristol-Myers* motions in FLSA cases. *See, e.g.*, *Garcia v. Vasilia*, 319 F. Supp. 3d 863, 880 (S.D. Tex. 2018) ("[D]eclin[ing] to extend the *Bristol-Myers'* requirement to analyze personal jurisdiction with regards to each individual plaintiff to the FLSA collective action jurisdictional analysis."); *Thomas v. Kellogg Co.*, No. 13 Civ. 5136, 2017 WL 5256634, at *1 (W.D. Wash. Oct. 17, 2017) (denying request to dismiss 821 out-of-state plaintiffs).

**IV.     The Court Should Approve Meo's Revised Notice and Dissemination Plan.**

For the Court's convenience, Meo's counsel numbered Lane Bryant's 20 proposed edits to the Notice (referred to as "Edit [No.]"). *See* Ex. R (Numbered Notice). Meo will accept Edits 1,

4, 6, 7, 9, 13, 15, 16, and 18 in full and Edits 2, 3, 5,[4] and 20 with some changes. *See* Ex. S (Redlined Notice); Ex. T (Revised Notice). Meo now seeks to: (A) have consent forms returned to an administrator; (B) issue the notice as revised (Ex. T); and (C) issue a reminder notice.

### A. The Consents Should be Returned to a Third-Party Administrator.

Given the concern that returning consents to a plaintiff's counsel discourages opt-ins from retaining another counsel, Meo seeks to use a third-party administrator to send and receive the Consent Forms. *See* Ex. A (Notice) at 3; Ex. T (Revised Notice) at 3-4. Such a practice is consistent with the Federal Judicial Center's sample notices. *See Castillo*, 2018 WL 1581975, at *9. And, Courts in this District have approved the use of a third-party administrator to issue notice. *See, e.g.*, *Puglisi*, 998 F. Supp. 2d at 102 (approving notice) *and* Ex. U (*Puglisi* Notice) at 3.

### B. The Court Should Reject Edits 8, 10, 12, 14, 17, and 19.

Meo asks the Court to reject Edits 8, 10, 12, 14, 17, 19 for the following reasons:

- Edit 8 is inaccurate. Even the SMs who do not join this case may be required to testify as witnesses, especially as this case involves class-action allegations.

- Edit 10 is redundant as paragraph 8 of the notice, for example, already serves to inform SMs that they are not obligated to join.

- As to Edit 12, in *Castillo*, the Court permitted counsel to add a similar line to what Plaintiff proposes in the same section. 2018 WL 1581975, at *12 (adding "'If you have questions about any information in this Notice, you may contact the Moser Law Firm'" to the section "'How do I ask to be included in the case?'").

- Edit 14 should be rejected because this will help SMs decide whether to retain the firms here or other lawyers by providing SMs with Plaintiffs' counsel's website addresses.

---

[4] Edit 5 was modified to conform to the language required by the Court in other cases. *See, e.g.*, *Zaldivar v. JMJ Caterers, Inc.*, No. 14 Civ. 924, 2016 WL 1029494, at *2 (E.D.N.Y. Mar. 15, 2016) (Tomlinson, Mag.) ("If you join this lawsuit, you may be asked to give testimony and information about your work for the Metropolitan to help the Court decide whether you are owed any money."); *Velasquez v. Digital Page, Inc.*, No. 11 Civ. 3892, 2014 WL 2048425, at *12 (E.D.N.Y. May 19, 2014) (Tomlinson, Mag.).

11

- Edit 17's reference to SMs paying Lane Bryant's expenses should be rejected given the likely "'*in terrorem* effect.'"  *See Velasquez*, 2014 WL 2048425, at *12.

- Edit 19 should be rejected because Lane Bryant cannot set forth a valid reason to include its' counsel's contact information.  *See Garriga v. Blonder Builders Inc*., No. 17Civ. 497, 2018 WL 4861394, at *7 (E.D.N.Y. Sept. 28, 2018) (Tomlinson, Mag.); *Arciello v. County of Nassau*, No. 16 Civ. 3974, 2017 WL 4998074, at *7 (E.D.N.Y. Oct. 30, 2017) (rejecting inclusion because it "is likely to create confusion").

### C. Reminder Notices Help Effectuate Notice.

Meo seeks to issue the Reminder Notice (Ex. V) so that SMs learn of this action and their options.  *See, e.g.*, *Mongiove v. Nate's Corp.*, No. 15 Civ. 1024, 2016 WL 590460, at *7 (E.D.N.Y. Feb. 11, 2016) ("A reminder notice facilitates the [FLSA's] remedial goals . . . .").  This is vital because employees often disregard such notices as junk.  *See Culpepper v. Bank of Am., Natl. Ass'n*, No. 17 Civ. 264, 2019 WL 343253, at *18 (D. Conn. Jan. 28, 2019); James W. Crooks, Fair Labor Fraud: The Peculiar Interplay of Civil Rico and the Federal Minimum Wage Act, 112 Colum. L. Rev. 2153, 2155 (2012) (noting that employees view the mailed notice as "just another piece of junk" to be ignored (citations and quotations omitted)).  A reminder is also "appropriate so that workers don't forget [the] impending deadline."  *Norris*, slip op. tr. at 9.

### CONCLUSION

For these reasons, Meo respectfully requests that the Court conditionally certify the proposed Collective, order the production of the requested contact information, approve the Revised Notice and Reminder Notice, and authorize distribution of the Revised Notice by mail.

Dated: Melville, New York
February 28, 2019

Respectfully submitted,

By: s/ Troy L. Kessler

**SHULMAN KESSLER LLP**
Troy L. Kessler
Garrett Kaske
534 Broadhollow Road, Suite 275

Melville, NY 11747
Phone: (631) 499-9100
Fax: (631) 499-9120
tkessler@shulmankessler.com
gkaske@shulmankessler.com

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz*
981 Yamato Road, Suite 285
Boca Raton, Florida 33431
Phone: (561) 447-8888
Fax: (561) 447-8831
gshavitz@shavitzlaw.com
lpardell@shavitzlaw.com
**pro hac vice* motion pending

Michael J. Palitz
830 3rd Avenue, 5th Floor
New York, New York 10022
Phone: (800) 616-4000
Fax: (561) 447-8831
mpalitz@shavitzlaw.com

*Attorneys for Plaintiff and the proposed*
*FLSA Collective and New York Class*