**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
AMANDA MEO, on behalf of herself and all
others similarly situated

                                  Plaintiff,

               - against -                                 CV 18-6360 (AKT)

LANE BRYANT, INC.,

                                  Defendant.
-------------------------------------------------------------X

## ORDER APPROVING SETTLEMENT AND
## DISMISSAL WITH PREJUDICE OF CLAIMS

**A. KATHLEEN TOMLINSON, U.S. Magistrate Judge:**

The Court, having reviewed the Complaint filed in this case by AMANDA MEO ("Plaintiff") on behalf of herself and all others similarly situated ("the Collective"); having reviewed the Defendant's Answer to the Complaint; having assessed the claims and defenses raised by the Parties; having conferred with counsel at the Initial Conference; having granted Plaintiff's motion for collective action certification; having taken into account the Parties' exchange of documents prior to the settlement; having considered the fact that the parties worked carefully with a respected mediator at JAMS in achieving this result; having reviewed the damages calculations and the application for attorneys' fees; having considered the applicable case law; having carefully reviewed the proposed Settlement Agreement and General Release; and for good cause shown, hereby ORDERS, ADJUDGES, and DECREES that:

      1.     The Settlement Agreement, to the extent it addresses claims under the Fair Labor Standards Act ("FLSA"): (a) is the result of arm's-length negotiations between experienced counsel, was achieved through the auspices of a respected JAMS mediator and is fair to all

Parties; (b) reasonably resolves a bona fide disagreement between the Parties with regard to the merits of the claims of the named Plaintiff and the Collective; and (c) demonstrates a good-faith intention by the Parties (i) to fully and finally resolve the claims of the named Plaintiff and the Collective for liability and damages on the basis of alleged overtime pay under the Fair Labor Standards Act and (ii) not to re-litigate in whole or in part, at any point in the future, the claims raised in this litigation or which could have been raised in this litigation concerning the Plaintiff and the Collective's compensation while employed by the Defendants.

    2.    The Settlement Agreement meets the standard set forth in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012) in that: (a) considering the Plaintiff and Collective's range of possible recovery, the settlement amount represents a satisfactory portion of the potential best case scenario recovery, assuming that the Plaintiff and the Collective could prevail on all claims for unpaid overtime under the FLSA (the sum recovered here represents the computation of overtime wages plus a portion of liquidated damages for the Plaintiff and the Collective); (b) the potential outcome is affected by the significant disputes over the issues of whether (i) Plaintiff and the Collective worked off-the-clock overtime hours; (ii) Defendant knew or had reason to know that Store Managers worked off-the-clock overtime hours; (iii) Defendant had a good-faith belief that all hours worked had been paid properly; (v) Plaintiff and the Collective could establish that Defendant willfully failed to pay Plaintiff and the Collective for all hours worked; and (vi) Plaintiff and the Collective could maintain a collective action through trial; (c) Plaintiff and the Collective face the risk of delay of payment if the litigation proceeds in addition to the risk of an adverse finding and the prospect of an appeal; (d) non-party defense witnesses have provided statements in conflict with the Plaintiff's position; (e) the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their

respective claims and defenses at trial; (f) the settlement is clearly the product of arm's-length negotiations between experienced counsel before a respected JAMS mediator; and (g) the totality of the circumstances and the progression of this case demonstrate the lack of fraud or collusion. *See Wolinsky*, 900 F. Supp. 2d at 335 (internal quotations omitted).

3. The Settlement Agreement complies with the Second Circuit's guidance in *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015) because: (a) there are no restrictive confidentiality provisions which would otherwise conflict with the remedial purposes of the FLSA; (b) the release is tailored to the FLSA wage claim asserted in this litigation; and (c) the attorney's fees, which equate to approximately one-third of the total settlement amount are fair and consistent with the provisions of the agreement between Plaintiff, the Collective and their counsel.

4. The Releases of the Defendants as partial consideration for the settlement are sufficiently limited to deem the releases fair and proper.

5. Having reviewed the Settlement Agreement provision regarding attorney's fees, the Court finds that the apportionment of approximately one-third of the settlement amount to the attorney's fees (*i.e.*, $465,000), as provided in the Settlement Agreement, is a fair and reasonable reflection of the services rendered to the Plaintiffs by their counsel, the Shavitz Law Group, P.A. and Kessler Matura P.C. by Gregg I. Shavitz, Esq. and Troy L. Kessler, Esq. *See* Settlement Agreement, attached as Ex. 1 to Kessler Decl., Section 3.2.  Such apportionment is well within the parameters set by courts in this District.  *See, e.g., Bondi v. DeFalco*, No. 17-CV-5681, 2020 WL 2476006, at *7 (S.D.N.Y. May 13, 2020); *Oxley v. Excellent Home Care Services, LLC*, 18 CV 2374, 2020 WL 589581, at *3 (E.D.N.Y. Jan. 8, 2020); *Pearlman v. Cablevision Systems Corporation*, CV 10-4992, 2019 WL 3974358, at *3 (E.D.N.Y. Aug. 20, 2019); *Aguirre v.*

*Torino Pizza, Inc.*, No. 18-CV-2004, 2019 WL 126059*4 (S.D.N.Y. Jan. 8, 2019)*; Cohan v. Columbia Sussex Mgmt., LLC,* No. 12 Civ. 3203, (2018 WL 4861391, at *2 (E.D.N.Y. Sept. 28, 2018); *Alvarez v. Sterling Portfolio Inv., LP*, 16 Civ. 5337, 2017 WL 8790990, at *4-5 (E.D.N.Y. Dec. 13, 2017); *Ezpino v. CDL Underground Specialists, Inc.*, 14 Civ. 3173, 2017 WL 3037483, at *3 (E.D.N.Y. June 30, 2017); *Pucciarelli v. Lakeview Cars, Inc.*, 16 Civ. 4751, 2017 WL 2778029, at *2 (E.D.N.Y. June 26, 2017); *Karic v. Major Auto. Cos.*, 09 Civ. 5708, 2016 WL 1745037, at *8 (E.D.N.Y. Apr. 27, 2016); *Abrar v. 7-Eleven, Inc.*, 14 Civ. 6315, 2016 WL 1465360, at *3 (E.D.N.Y. Apr. 14, 2016). The Court also notes that the percentage of the settlement amount was agreed to in the engagement letters of the attorneys and that no member of the Collective objected to that breakdown.

The Court has also used counsel's lodestar to cross-check the reasonableness of the percentage fee. *See* Consent Motion for Approval of Settlement Agreement [DE 55]. The lodestar is based on the number of hours expended on the case multiplied by counsel's hourly rate. "Because the lodestar is being used merely as a cross-check, it is unnecessary for the Court to delve into each hour of work that was performed by counsel to ascertain whether the number of hours reportedly expended was reasonable." *In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 388–89 (S.D.N.Y. 2013) (quoting *In re IPO Sec. Litig.*, 671 F. Supp. 2d 467, 506 (S.D.N.Y. 2009)). In examining the lodestar, the Court has reviewed the statements of Plaintiffs' respective counsel. *See* Declaration of Troy L. Kessler, Esq. in Support of Plaintiffs' Motion for Approval of Settlement ("Kessler Decl.") [DE 55-1]; Declaration of Gregg. I. Shavitz, Esq. in Support of Plaintiffs' Motion for FLSA Settlement Approval ("Shavitz Decl.") [DE 55-3], annexed to Kessler Decl. as Ex. 2. The Kessler Matura firm expended 335.7 hours while the Shavitz Law Group expended 414 hours in this case, amounting to total lodestar of $304.630.00 and

$188,460.00 for the two firms respectively.  *See* Kessler Decl. ¶ 85; Shavitz Decl., ¶ 17; Attorneys' Fees and Costs Summary, annexed to the Kessler Decl. as Ex. 3; Kessler Matura Contemporaneous Time Records, annexed to the Kessler Decl. as Ex. 4; Shavitz Law Group Contemporaneous Time Records annexed as Ex. A to Shavitz Decl.

     The Court has also reviewed the billing rates for the respective attorneys at both firms who worked on this matter as well as their paralegals.  *See* Attorneys' Fees and Costs Summary. The Court has also carefully reviewed the biographical information on each of the attorneys, along with their professional affiliations, publications and prior cases.  The Court finds that the requested fees of $465,000.00 represent 1.53 times the lodestar amount of $304,630.00 which has been reduced by counsels' self-scrutiny of duplicative tasks and overstaffing of certain activities.  Given the size and geographic scope of the instant case, this multiplier is within the range of multiplier that courts in this District have allowed.  *See Sakiki Fujiwara v. Sushi Yasuda Ltd,* 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) ("a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases"); *Cegueda-Juarez v Cleanwear USA 2, Inc.*, 18 CIV. 1604, 2019 WL 5485253, at *3 (S.D.N.Y. Oct. 25, 2019) (finding a multiplier of 2 from the modified lodestar calculation and a multiplier of 1.5 from the stated hourly rates was sufficient compensation in FLSA action); *Lizondro-Garcia v. Kefi LLC*, No. 12 Civ.1906, 2015 WL 4006896, at *10 (S.D.N.Y. July 1, 2015) (finding that a 1.68 multiplier of the lodestar calculation and a 1.52 multiplier of plaintiffs' counsel's stated hourly rates was a reasonable attorneys' fee).

     6.     The Court further finds fair and reasonable the Service Awards to the Plaintiffs as follows:  Amanda Meo ($9,000); Sheena Clark, Ivory David, Debra Devlin, Diana Koehler, Monicajo Marchand, Susan McCreery, Jennifer Seymour and Allison Smith ($2,850 each);

Portia Witten, Annette Solano, Joyce Hamilton, Kelsi Gonzalez, Michelle Riley, Tammy Desue-Parker, and Raeschelle Coleman ($2,600 each) and approves these Service Awards. Settlement Agreement, Section 3.3.

7. The Court further finds the necessary out-of-pocket expenses of the two law firms to be fair and reasonable. The Court therefore approves an award of expenses in the total amount of $21,365.82 which are documented in the billing statements. *See* Costs and Expenses annexed as Ex. 5 to the Kessler Decl.; Settlement Agreement, Section 3.1.

8. In light of the foregoing factors, the Court finds the Settlement Agreement to be fair and reasonable. The settlement is therefore APPROVED by the Court.

9. Pursuant to the terms of the Settlement Agreement, the Court retains jurisdiction over this matter for purposes of enforcement of the settlement. Settlement Agreement, Section 9.9.

10. Each party shall bear its own costs, except as provided to the contrary in the Settlement Agreement and in this Order.

11. This lawsuit and the claims of the Plaintiff asserted in it are DISMISSED, WITH PREJUDICE, in their entirety. The Court shall enter separately the executed Stipulation of Dismissal with Prejudice and will direct the Clerk's Office to close this case.

**SO ORDERED**.

Dated: Central Islip, New York
July 17, 2020

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge